**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERNARD GOINES,

Plaintiff-Appellant,

v.

MICHAEL PUGH; M. COLLINS;
LAWRENCE LEYBA; R. BAUER;
OSAGIE; UNITED STATES OF
AMERICA; H. HARRIS; T. HARE,

Defendants-Appellees.

No. 04-1394
(D.C. No. 01-F-423-(BNB))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff/appellant Bernard Goines, a federal prisoner at the United States Penitentiary, Administrative Maximum in Florence, Colorado (ADX), appeals from the district court's judgment in favor of defendants in his medical malpractice case brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. Because the evidence at trial was sufficient to support the district court's findings and conclusion, we affirm. As a separate matter, Mr. Goines also requests mandamus relief, which we dismiss for lack of jurisdiction.

## I. Procedural and factual background

Mr. Goines claims that he developed deep vein thrombosis after knee surgery in May 2000, while in the custody of the federal prisons. He asserts that defendants' failure to properly diagnose and treat the condition resulted in development of both acute and chronic pulmonary emboli. After a bench trial, the district court found that the record did not establish by a preponderance of the evidence that any of Mr. Goines's medical caregivers acted below the standard of care by failing to timely or promptly diagnose and treat his deep vein thrombosis and/or pulmonary emboli. The district court also concluded that Mr. Goines failed to establish by a preponderance of the evidence that his pulmonary emboli or his condition diagnosed as cholinergic urticaria were proximately caused by medical negligence.

-2-

Mr. Goines, who was represented by counsel at trial, raises three interrelated issues that state a single point of error in his pro se appeal: whether the district court erred in finding that Mr. Goines did not establish the defendants' negligence.

## II. Standard of review

Our standard of review is well established:

> In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo. . . . Thus, we will reverse the district court's finding only if it is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made.

*Keys Youth Servs, Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001) (quotation marks and citation omitted).

> Under the clearly erroneous standard of review, we must . . . affirm the court's choice [if it reasonably could have chosen either of two plausible interpretations of the facts]. As the Supreme Court has stated:
>
> > If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Id.* at 1275 (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573-74 (1985)).

### III. Analysis

Mr. Goines asserts that he developed deep vein thrombosis sometime in late May or early June 2000, which then caused pulmonary emboli and a subsequent hospitalization and surgery in late September 2000. Although Mr. Goines presented evidence from expert witnesses that certain of Mr. Goines's physicians may have breached standards of medical care between July 24 and September 22, 2000, testimony from other experts disputed those opinions and medical evidence indicated that it was uncertain when Mr. Goines first developed deep vein thrombosis. It is undisputed that ultra sound studies did not detect the presence of deep vein thrombosis in May 2000, and Mr. Goines's surgeons ruled out that condition before releasing him from a prison hospital in June 2000. The district court relied on medical records indicating that Mr. Goines complained to the medical defendants at the prison of shortness of breath, which is a symptom of pulmonary embolism, only one time in July before the September 2000 episode immediately preceding his hospitalization and treatment. The court rejected testimony that Mr. Goines voiced medical complaints about shortness of breath that were undocumented, and we will not second-guess that credibility determination. *See Anderson*, 470 U.S. at 575 ("When findings are based on

determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.").

In addition, the district court noted that Mr. Goines presented no expert testimony regarding the standard of care applicable to a physician's assistant in circumstances similar to those faced by defendant Osagie, who is a physician's assistant. Mr. Osagie's expert witness testified, however, that Mr. Osagie met the applicable standard of care. Because the record, viewed in its entirety, supports the district court's findings and conclusions, we must affirm.

## IV. Request for injunctive relief

In March 2005 Mr. Goines filed in this court a request for injunctive relief requiring the United States to transfer him to a facility where the temperature of his cell can be kept cool. We note that his request should be construed as a petition for mandamus, since Mr. Goines is asking this court to compel the warden and the United States, through its agency, the Bureau of Prisons (BOP), to perform a duty he claims is owed to him. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005).

Mr. Goines presented documents and testimony demonstrating that a cool environment is medically necessary to prevent severe reactions to heat, including

tachycardia and cholinergic urticaria. He states that, because the central heating system at the ADX does not allow regulation of his cell temperature to below seventy degrees, he had to be put outside during cold weather in 2004. He asserts that refusal to transfer him results in a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. He previously appealed from the warden's apparently negative response to his administrative request for transfer, and that appeal was denied by a regional director of the BOP.

Defendants raise several defenses to the request for injunctive relief. The United States argues that it is sovereignly immune from suit for claims for injunctive relief and that Mr. Goines has not identified the waiver of such immunity that would give the court jurisdiction to determine his claim. But we recently held in *Simmat* that sovereign immunity is not a bar to an action for injunctive relief against prison officials acting in their official capacity, *see id.* at 1233, even though such an action is one against the United States, *id.* at 1232 (noting that claim against prison dentists acting in their official capacities "is in reality against the United States"). We noted that Congress waived sovereign immunity for such claims. *See id.* at 1233 (citing 5 U.S.C. § 702). And we held that jurisdiction over claims for constitutional violations involving prison conditions against prison officials acting in their official capacities exists under 28 U.S.C. §§ 1331 and/or 1361. *See id.* at 1228.

The individual defendants assert that none of them are a proper party to the claims for injunctive relief because Mr. Goines cannot claim that they have authority to effectuate his transfer. But the administrator in charge of inmate appeals for the BOP informed Mr. Goines that "[t]ransfer is a matter which falls within the authority of the Warden and Regional Director." Request for Injunctive Relief, Ex. 4-B. Defendant Pugh was formerly the warden of the ADX prison when Mr. Goines filed his malpractice suit. But, as stated in his petition for mandamus relief, R.A. Hood was the warden in 2005 when the petition for mandamus relief was filed. Courts will usually substitute a new warden as a respondent in a particular action if it is appropriate to do so. *Cf. Parks v. Saffle,* 925 F.2d 366, 366 n.\* (10th Cir. 1991) (amending case caption to substitute successor warden).

We note, however, that Mr. Goines's request involves a matter not presented in the suit for medical negligence that is the subject of this appeal. It involves separate matters and events occurring long after the alleged acts of negligence. We conclude, therefore, that Mr. Goines filed his petition for mandamus in the wrong court, and we have no jurisdiction over that claim in this appeal. *See Simmat*, 413 F.3d at 1234 (noting that § 1361 gives original jurisdiction over mandamus claims to the district courts). We therefore dismiss

Mr. Goines's "Request for Injunctive Relief" without prejudice to its filing in district court.

The judgment of the district court is AFFIRMED. The request for injunctive relief is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge